UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EUGENE BILAL ANDERSON,

    Defendant.
_____/

Case No. 1:21-cr-53

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 168), and corrected motion on the proper form (ECF No. 172). For the reasons stated below, the Court grants the motions.[1]

**I.     BACKGROUND**

In 2022, Defendant pleaded guilty to conspiracy to make and pass counterfeit currency (Count One), making counterfeit currency (Count Two), and passing counterfeit currency (Count Three) (ECF No. 118). On January 26, 2023, U.S. District Judge Janet T. Neff sentenced Defendant to 51 months' imprisonment on each count to be served concurrently (ECF No. 136).[2]

After Defendant's sentencing, the United States Sentencing Commission issued Sentencing Guidelines Amendment 821, which has an effective date of February 1, 2024, and applies

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)," Rule 43(b)(4).

[2] This case was reassigned to the undersigned on July 3, 2024 (ECF No. 188).

retroactively. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 5, 2024). Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. *Id.*

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. The Probation Office prepared a Sentence Modification Report ("SMR"), which was filed under restricted access (ECF No. 177). Defendant filed a Response to the SMR (ECF No. 178), and the government filed a response to Defendant's motion (ECF No. 179).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones,*

2

*supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Discussion

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points." *See* U.S.S.G. § 4A1.1(e). Under the Guidelines in effect when the Court sentenced Defendant, § 4A1.1(d) added two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, or supervised release. Amendment 821 moved the relevant provision to § 4A1.1(e) and reduced the criminal history point from two to one or zero, depending on how many criminal history points the defendant scored under subsections (a) through (d). A defendant with less than seven criminal history points receives no additional status points under § 4A1.1.

Defendant argues that his sentence should be reduced pursuant to Amendment 821's changes related to status points (ECF No. 172 at PageID.862). The SMR and the government agree that Defendant is eligible for a sentence reduction and recommend a reduced sentence of 46 months' imprisonment (ECF No. 177 at PageID.883; ECF No. 179 at PageID.898).

At the time of sentencing, Defendant received eleven criminal history points based on his prior offenses and received two status points because he committed the instant offense while under a criminal justice sentence, for a total criminal history score of thirteen and a criminal history category of VI (ECF No. 177 at PageID.882).  Applying Amendment 821, Defendant should receive the eleven criminal history points for his prior offenses; however, he should receive only one additional status point.  A total of twelve criminal history points results in a criminal history category of V.  *See* U.S. Sent'g Guidelines, Sent'g Table.  Defendant's total offense level of fifteen and a criminal history category of V results in an amended guideline range of 37 to 46 months' imprisonment.[3]  Thus, Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court determines that a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  *See* U.S.S.G. § 1B1.10(a)(1) (where the "guideline range applicable" to the defendant "has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment").

Last, the Court finds that a reduction of Defendant's sentence is warranted under the factors set forth in § 3553(a).  The Court has considered the nature and circumstances of Defendant's offense and his history and characteristics.  The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect to protect the public from

---

[3] In his Response to the SMR, Defendant argues that he should have received zero status points because he was not on probation at the time he committed the instant offense (ECF No. 178 at PageID.885-887). The Sixth Circuit, however, already rejected this argument on direct appeal. *United States v. Anderson,* 2024 WL 209225 at *3–4 (6th Cir. Jan. 19, 2024).

4

further crimes of Defendant, and to provide Defendant with needed education and training, medical care, or other correctional treatment.  Further, the Court has considered the kinds of sentences available, the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).  Finally, the Court has considered the danger to the public as the result of any reduction in Defendant's sentence, the seriousness of Defendant's offense, and the need to protect the public.

The Court has also considered Defendant's post-sentencing conduct. While in BOP custody, Defendant has not received any disciplinary reports. According to the SMR, Defendant has not participated in any vocational or educational programs (ECF No. 177 at PageID.882). However, Defendant has submitted a BOP document establishing that he began taking several education courses on April 8, 2024 (ECF No. 178-2).

Accordingly, after considering § 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction in Defendant's sentence is appropriate pursuant to Amendment 821.  Defendant was previously sentenced to 51 months, at the top of the guideline range, and thus, an appropriate reduced sentence would be 46 months, at the top of the amended guideline range.  Therefore,

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence (ECF No. 168) and corrected motion on the proper form (ECF No. 172) are GRANTED and his sentence is REDUCED to 46 months' imprisonment on each of Counts One, Two, and Three, to be served concurrently.  All other terms and conditions of this Court's January 26, 2023 Judgment remain the same.

Dated:  August 9, 2024  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge